IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:05-00087 |
| WILLIAM LEE McQUIDDY, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM

### I. Introduction and Statement of Facts

On March 28, 2005, around 10:00 PM, Defendant William Lee McQuiddy was stopped at a red light. His car was in the middle of three lanes, the leftmost of which was a protected turn lane. Mr. McQuiddy pulled forward when the protected turn signal turned green. Moments later, the light for traffic going straight turned green. Mr. McQuiddy was stopped by Officer Meeks of the Metro Nashville Police Force for running a red light.

Officer Meeks alleges that he detected a strong smell of marijuana coming from Mr. McQuiddy's vehicle, a van, as he walked up to it after pulling Mr. McQuiddy over. Officer Meeks also alleges he saw pieces of material removed from a cigar and pieces of the outer wrapping of the cigar on the center console of the vehicle.[1] After obtaining Mr. McQuiddy's drivers' license and title and requesting proof of insurance, Officer Meeks ran a check on Mr. McQuiddy's license, which was valid. There were no outstanding warrants for Mr. McQuiddy, but his criminal history check revealed over seventy charges.

Officer Meeks returned to Mr. McQuiddy's vehicle and asked him to step out. Officer Meeks and Officer Coleman, an assisting officer who had arrived and pulled up behind Officer Meeks' patrol car by that time, testified at the hearing on this matter that Mr. McQuiddy was not free to leave at that point. After Mr. McQuiddy had stepped out of his van, Officer Meeks asked him about the large-screen television in the back

---

[1]It is well known among law enforcement officers that marijuana users often roll marijuana into a "blunt" (named after the Phillies Blunt brand of cigar) by slicing open a cigar, emptying out the contents, and using the skin to wrap the contents of an entire small bag ("nickel bag" or "dime bag") of marijuana.

1

seat. Mr. McQuiddy replied that he had just purchased it in the "the bricks," meaning the John Henry Hale Homes. Officer Meeks then stated to Mr. McQuiddy that he had smelled marijuana when he approached the car. In response, Mr. McQuiddy allegedly admitted that he smokes marijuana on a regular basis and had just finished smoking it, throwing away the remains when he was done. At that point, the officer asked Mr. McQuiddy for permission to search his van, which Mr. McQuiddy refused.

After a pat-down search of Mr. McQuiddy revealed nothing, Officer Meeks handcuffed Mr. McQuiddy, placed him in the back seat of his patrol car, and searched the van anyway, finding a loaded .357 revolver. While Officer Meeks searched Mr. McQuiddy's vehicle, Officer Coleman was standing next to the open passenger window of Officer Meek's patrol car, next to where Mr. McQuiddy was sitting. When Officer Coleman saw Officer Meeks walking back toward the patrol car with the .357 revolver in hand, he said "Uh-oh," and Mr. McQuiddy said, "Looks like he found my gun." At that point, Officer Meeks ran a check on the gun, found that it was listed as stolen, and notified Mr. McQuiddy that he was under arrest for being a felon in possession of a gun.[2] Later, while driving to the police station, Mr. McQuiddy and Officer Meeks had a conversation during which Mr. McQuiddy allegedly said that he had the gun because he had been robbed recently.

Mr. McQuiddy denies having smoked marijuana in his car on the evening in question and none was found in the car. He also contends that his driver's side window was closed until Officer Meeks actually came to the window so he could not have smelled marijuana as he approached. He further denies having admitted to just finished smoking marijuana.

Mr. McQuiddy was charged under 18 U.S.C. 922(g)(1) for being a felon in possession of a firearm. Mr. McQuiddy now moves to (1) suppress the physical evidence recovered in the search of his vehicle (e.g., the gun) as the fruit of an illegal search and seizure, (2) exclude evidence of his prior involvement with drugs, (3) exclude evidence of his prior convictions, and (4) exclude evidence of his alleged statements regarding the gun. For the reasons stated from the bench at the July 8, 2005 hearing on the defendant's motions and as set forth below, Mr. McQuiddy's motion to suppress will be DENIED, his motion in limine to exclude evidence of prior involvement with drugs is GRANTED, his motion in limine to exclude evidence of prior convictions is RESERVED, and his motion to exclude evidence of his alleged statements regarding the gun

---

[2]Officer Meeks also issued a citation to Mr. McQuiddy for failure to have proof of insurance.

found in his van is RESERVED in part and DENIED in part.

**II.     The Motion to Suppress**

    **A.     Mr. McQuiddy was lawfully stopped for a traffic violation.**

Police may lawfully stop a citizen when there is probable cause to believe a traffic violation has been committed. United States v. Townsend, 305 F.3d 537, 541 (6th Cir. 2002). According to defendant's brief, Mr. McQuiddy was the first car stopped at a red light in the middle lane of a three-lane intersection. Mr. McQuiddy pulled his car forward into the intersection when the protected left-turn signal turned green. The car behind Mr. McQuiddy moved forward into his former place and then stopped. This means that Mr. McQuiddy was at least a full car length into the intersection. Officer Meeks's version of the facts leads one to conclude that Mr. McQuiddy ran a red light because he mistook a green left turn signal for a green light, which is the United States' stated justification for the stop. Under these facts, which Mr. McQuiddy does not seriously contest, Officer Meeks was justified in making the initial traffic stop. This court finds Officer Meeks' testimony credible; Mr. McQuiddy was lawfully stopped for a traffic violation.

    **B.     There was probable cause to believe that the defendant was in possession of marijuana.**

In the Sixth Circuit, if an officer detects the smell of marijuana coming from inside a vehicle, he has probable cause to search the vehicle. U.S. v. Foster, 376 F.3d 577, 588 (6th Cir. 2004). Officer Meeks alleged that he smelled marijuana as he approached the vehicle; at the hearing, this court found his testimony credible in its entirety. In addition, Officer Meeks alleged that he saw, in plain sight, cigar materials in the center console of Mr. McQuiddy's van. This physical evidence is consistent with marijuana use. The subsequent search was supported by probable cause and therefore lawful.

**III.     The Motion *In Limine* to Exclude Evidence of Statement Regarding Marijuana Use**

The Fifth Amendment guarantees that "no person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. A suspect taken into custody must be made aware of his Miranda rights in order to combat the "compelling pressures inherent in custodial police interrogation" and "to permit a full opportunity to exercise the privilege against self-incrimination." Dickerson v. United States, 530 U.S. 428, 440 (2000). The court finds that Mr. McQuiddy was detained when the officers asked him to leave his car because the officers admit that Mr. McQuiddy was not free to leave at that point. Because Mr. McQuiddy was detained, any questioning rose to the level of

custodial interrogation and was unlawful unless he was first advised of his Miranda rights. Since he was not, the alleged statements that he smoked marijuana daily and that he had just finished smoking marijuana must be suppressed. Accordingly, the defendant's motion in limine as to that evidence will be GRANTED.

### IV. The Motion *In Limine* to Exclude Evidence of Prior Convictions

Rule 404 of the Federal Rules of Evidence limits the use of evidence of prior crimes:

> Evidence of other crimes or acts . . . is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial.

Fed. R. Evid. 404(b).

Evidence of prior crimes or bad acts should be admitted only if one of the items Rule 404(b) allows it to prove is a material issue in the trial and then only when the evidence is actually probative of the issue and not unduly prejudicial to the defendant. U.S. v. Johnson, 27 F.3d 1186, 1190 (6th Cir. 1994). Because the United States could conceivably introduce the evidence of prior convictions for a permissible purpose, and because Mr. McQuiddy has not yet entered a stipulation regarding his status as having been convicted of a felony—a material element of the crime with which he is charged—the court will RESERVE ruling on that motion until the particular factual context is evident.

### V. The Motion to Exclude Evidence of Mr. McQuiddy's Statements Concerning the Gun

Miranda does not apply to statements that are given freely and not in response to interrogation. U.S. v. Godinez, 114 F.3d 583, 589 (6th Cir. 1997). Mr. McQuiddy's statement to Officer Coleman, "Looks like he found my gun," was made after Officer Coleman said, "Uh-oh." The mere expression, "uh-oh," cannot be considered an interrogatory or a question at all. Mr. McQuiddy's statement was not given in response to interrogation and will be admissible at trial.

With respect to Mr. McQuiddy's alleged statement to Officer Meeks that he had a gun because he had been robbed recently, the court will RESERVE ruling on that issue until trial, when the factual context will become more evident. The court, observes, however, that the statement is likely not necessary or material to any element of the crime with which Mr. McQuiddy is charged.

### VI. Conclusion

For the foregoing reasons, Defendant's motion to suppress evidence, Docket No. 21, is DENIED; his motion *in limine* to prohibit evidence of his prior involvement with drugs, Docket No. 22, is GRANTED. Ruling on his motion *in limine* to exclude evidence of his prior arrests and convictions, Docket No. 23, is RESERVED. Judgment on defendant's oral motion to suppress statements related to the gun is DENIED in part and RESERVED in part.

An appropriate ORDER will enter.

Senior Judge Thomas A. Wiseman, Jr.
United States District Court for the
Middle District of Tennessee